COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:           Iririan Salinas v. The State of Texas

Appellate case number:     01-13-00552-CR

Trial court case number:     1854915

Trial court:                          County Criminal Court at Law No. 14 of Harris County

Appellant's brief was originally due on August 8, 2013. On February 6, 2014, we abated this appeal for the trial court to determine if appellant's retained trial counsel intended to represent appellant on appeal. The trial court held a hearing on our abatement order on March 25, 2014. At the hearing, appellant stated that trial counsel no longer represented him and that he had hired appellate counsel, Angela McKinnon. Counsel McKinnon further notified the trial court that she had been retained and had filed an attorney of record form in the trial court.

On April 17, 2014, we reinstated this appeal and ordered that appellant's brief be filed by no later than April 24, 2014.[1] On April 22, 2014, appellant filed a motion requesting a 45-day extension of time to file his brief. On May 15, 2014, we granted appellant's motion, ordered his brief be filed by June 9, 2014, and notified appellant that no further extensions of time for filing his brief would be granted.

Appellant's brief was not timely filed by June 9, 2014. *See* TEX. R. APP. P. 38.8(b)(2).

On June 16, 2014, one week after appellant's final deadline for filing his brief, counsel McKinnon filed a "Motion to Withdraw as Counsel." In her motion, counsel contends that she "is no longer associated with the firm that client has contracted to represent him in these proceedings" and that appellant failed to maintain communication

---

[1]     Pursuant to our February 26, 2014 order, the trial court ordered that appellant's "brief must be filed in this case no later than 30 days from the date of this hearing," making the deadline for filing his brief April 24, 2014.

with her prior to her departure from the firm. Counsel further contends that "withdrawal and substitution is not sought for delay alone."

Counsel's motion to withdraw fails to provide appellant's last known address and telephone number or a statement that appellant was notified in writing of the right to object to the motion. *See* TEX. R. APP. P. 6.5(a)(2), (4). The motion does not request substitution of counsel and does not designate any other counsel who will be undertaking representation on behalf of appellant. *See* TEX. R. APP. P. 6.5(d). Further, the motion fails to provide good cause for withdrawing after the final deadline for filing appellant's brief has already lapsed. Finally, the motion does not contain evidence reflecting whether appellant contracted for services with counsel directly or solely with counsel's former firm or whether counsel's departure from her former firm creates a conflict if counsel continues to represent appellant.

Accordingly, we DENY the "Motion to Withdraw as Counsel." We ORDER counsel to either file a brief on appellant's behalf within 10 days of this order or, if appellant contracted for representation by counsel's former firm, rather than with counsel specifically, file a motion to substitute counsel with another attorney at her former firm, which motion shall (1) explain why counsel failed to timely file a brief on appellant's behalf prior to the final deadline of June 9, 2014[2] and (2) state that substituting counsel has been informed that the deadline for filing appellant's brief has expired and that a brief must be filed within 10 days of the date of this order.

If appellant's brief is not filed within 10 days of the date of this order, either by counsel McKinnon or by substitute counsel, we may order the trial court to hold a hearing to determine, and to make findings and recommendations regarding, whether appellant still wishes to prosecute his appeal, whether retained counsel has abandoned the appeal, and whether contempt proceedings should be initiated against appellant's counsel. *See* TEX. R. APP. P. 38.8(b)(2), (4) ("Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.").

It is so ORDERED.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
         ☒ Acting individually     ☐ Acting for the Court

Date: June 24, 2014

---

[2] If appellant has failed to comply with the terms of his contract with counsel, counsel should inform the Court of appellant's failure. *See, e.g.*, TEX. R. APP. P. 38.8(b)(4) (authorizing appellate court to consider appeal without briefs if trial court finds that appellant is not indigent and has not made necessary arrangements for filing brief).